**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| MARIA L.D. SOUZA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 1:13-cv-10181-PBS |
| ) | |
| BANK OF AMERICA, ) | |
| NATIONAL ASSOCIATION ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

July 8, 2013

SARIS, C.J.

### I. INTRODUCTION

Plaintiff Maria L.D. Souza brings this action alleging that Defendant Bank of America, National Association ("Bank of America") did not comply with the prerequisites for a non-judicial foreclosure by failing to send her a right-to-cure notice as required under Mass. Gen. Laws ch. 244, § 35A, and that it did not hold the promissory note, as required by state law. Plaintiff also contend that the Bank of America violated the duty of good faith and reasonable diligence and was negligent when it failed to adhere to the Home Affordable Modification Program ("HAMP") guidelines.

Defendant has moved to dismiss on the ground, among other things, that plaintiff is judicially estopped from challenging the validity of the foreclosure because she received a discharge

on her present home debt and surrendered her interest in her home in bankruptcy.  On February 20, 2013, Defendant filed a motion to dismiss the complaint.  The motion to dismiss (Doc. No. 12) is **ALLOWED**.

## II. FACTUAL BACKGROUND

The following facts, gathered from the complaint, are assumed to be true for the purpose of this motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Plaintiff gave a mortgage to Washington Mutual Bank to purchase her home for $205,000 in 2001.  Compl. ¶¶ 6,8. Plaintiff twice refinanced her mortgage and gave her present mortgage to Wells Fargo Bank for $270,000 in 2006.  Id. ¶ 8. Wells Fargo Bank assigned Plaintiff's mortgage to Defendant on May 5, 2011. Def.'s Mem. Ex. 1.  Plaintiff defaulted on her mortgage in 2010.  Compl. ¶ 9.

Souza filed for bankruptcy in 2012, receiving a discharge. The Court takes judicial notice of the following facts in the bankruptcy action.  See In re Souza, No. 12-11394 (Bankr. D. Mass. 2012).  Souza commenced a voluntary bankruptcy action on February 23, 2012.  Id. Doc. No. 1.  In a statement of intent filed with the Bankruptcy Court on April 18, 2012, Souza stated that she would surrender her home in connection with a bankruptcy discharge.  Id. Doc. No. 33.  On June 29, 2012, Bank of America filed a Motion for Relief from the Automatic Stay to permit the

bank to foreclose on Souza's house.  Id. Doc. No. 47.  On July 16, 2012, the Bankruptcy Court allowed the motion without opposition.  Id. Doc. No. 48.  On July 31, 2012, the Bankruptcy Court granted Souza a discharge of her debt, meaning she received a discharge of her personal liability to pay her home loan.  Id. Doc. No. 50.

Bank of America, through its servicer, notified Plaintiff that it would foreclose on her property on January 8, 2013.  Compl. ¶ 16.

In Massachusetts, notice of default is generally required to foreclose.  See Mass. Gen. Laws ch. 244, § 35A(g).  In 2011, Defendant "filed a Servicemembers Civil Relief Act case in the Massachusetts Land Court" to determine whether Plaintiff "was entitled to the benefits" of the Act.[1]  Compl. ¶ 11.  As part of that proceeding, Defendant filed a "Mortgagee's Affidavit" stating that "no notice [of default] had been sent to Plaintiff because none [was] required under . . . § 35A."  Id. ¶ 12.  Although the affidavit stated that no notice of default was sent to Plaintiff, the affidavit still attached a letter that "informs Plaintiff" of her default.  Id.  However, "[t]here is no indication that this letter was ever sent to Plaintiff," and Plaintiff claims she never received this letter or any other

---

[1] A Servicemembers Civil Relief Act proceeding addresses "the military status of the mortgagor" for the purposes of foreclosure.  Commonwealth v. Bank of America, N.A., No. 11-4363, 2012 WL 6062747, at *9 (Mass. Super. Ct. Dec. 3, 2012).

"notice that would comply with" § 35A.  Id. ¶¶ 12-13.  The Land Court "issued a judgment that Plaintiff was not entitled to the benefits of the Servicemembers Civil Relief Act."  Compl. ¶ 11.

Defendant participates in HAMP, a federal program administered by Fannie Mae and Freddie Mac to assist homeowners with their mortgages.  Id. ¶ 14.  Although Defendant has postponed the foreclosure sale of Plaintiff's property several times to consider her for a loan modification, Bank of America has not granted Plaintiff a modification.  Id. ¶ 15.

### III. DISCUSSION

**A. Standard of Review**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Iqbal, 556 U.S. at 678 (internal quotations omitted). The court may dismiss a complaint when the alleged facts "are merely consistent with a defendant's liability," id. (internal quotations omitted), or are "too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture . . . ."  Sec. & Exch. Comm'n v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010).

**B. Prerequisites for Non-judicial Foreclosure**

Souza alleges that Bank of America has failed to satisfy the prerequisites for a non-judicial foreclosure by failing to send plaintiff a right-to-cure notice as required under Mass. Gen.

4

Laws ch. 244, § 35A. Compl. ¶¶ 19-22. She also claims that Defendant may not foreclose on her home because Bank of America does not hold the relevant promissory note, the possession of which is required to foreclose under Eaton v. Fed. Nat'l Mortg. Ass'n, 969 N.E.2d 1118, 1129 (Mass. 2012). See Compl. ¶¶ 29-32.

Bank of America logically argues that the requirement to issue a right-to-cure notice under Section 35A[2] is inapplicable where the debtor is not in "default" on her mortgage because her personal debt was discharged in bankruptcy. Moreover, defendant points out that Souza surrendered her interest in the property. The First Circuit has held that the surrender of property in a Chapter 7 bankruptcy proceeding occurs where "the debtor agree[s] to make the collateral *available* to the secured creditor – *viz.*, to cede his possessory rights in the collateral – within 30 days of the filing of the notice of intention to surrender possession of the collateral." In re Pratt, 462 F.3d 14, 19 (1st Cir. 2006). Here, in a "Chapter 7 Individual Debtor's Statement of Intention" filed in Souza's bankruptcy proceeding, plaintiff indicated that she would surrender her home. In re Souza, No. 12-11394, Doc. No. 33 (Bankr. D. Mass. 2012). In bankruptcy, debtors can "free themselves from a prepetition lien" by

---

[2] Mass. Gen. Laws ch. 244, § 35A(g) states: "The mortgagee . . . shall not . . . enforce the mortgage because of a default consisting of the mortgagor's failure to make any such payment . . . until at least 150 days after the date a written notice is given by the mortgagee to the mortgagor [to cure a default of a requirement payment as provided in the residential mortgage]."

"surrendering the encumbered collateral to the secured creditor under 11 U.S.C. § 521(a)(2)." In re Canning, 706 F.3d 64, 69 (1st Cir. 2013). "The secured creditor, however, has the prerogative to decide whether to accept or reject the surrendered collateral, since nothing in subsection 521(a)(2) remotely suggests that the secured creditor is required to accept possession of the [collateral]." Id. at 69-70 (internal quotations omitted). Here, Bank of America accepted the collateral and properly seeks to foreclose. The discharge of a homeowner's promissory note in bankruptcy does not impede the lender's ability to foreclose the homeowner's interest in the real estate serving as collateral for the debt, even though the discharge does prevent the lender from recovering against the borrower personally. See id. at 69.

Bank of America also argues that Souza's claims fail under the doctrine of judicial estoppel because plaintiff surrendered her home in a bankruptcy proceeding in which she received a discharge of personal liability of the debt. "[T]he doctrine of judicial estoppel prevents a litigant from pressing a claim that is inconsistent with a position taken by that litigant either in a prior legal proceeding or in an earlier phase of the same legal proceeding." InterGen N.V. v. Grina, 344 F.3d 134, 144 (1st Cir. 2003). One court has held that the doctrine of judicial estoppel prevents a mortgagor from challenging the "foreclosure of the same property that he surrendered in the Bankruptcy Court in exchange for the discharge of his debts." Ibanez v. U.S. Bank

6

Nat'l Ass'n, 856 F. Supp. 2d 273, 275 (D. Mass. 2012).  The court stated that "even were there a [plausible] claim, it does not belong to [the mortgagor]" but instead to the bankruptcy trustee. Id. at 276.  Because Souza surrendered her home in bankruptcy, the doctrine of judicial estoppel bars her claims challenging the foreclosure process.

In a similar view, defendant argues that Souza does not have standing to assert that Bank of America's foreclosure would violate Eaton because she could not be harmed by a failure to unite the note and mortgage at foreclosure.  The discharge of plaintiff's promissory note in bankruptcy precludes any possibility of a double recovery against Souza on the home loan. Plaintiff's supplemental brief does not address her standing to raise an Eaton issue.  Her surrender of the property has deprived Souza of standing to challenge its foreclosure.

**C. HAMP claims**

Souza alleges that defendant violated the duty of good faith and reasonable diligence and was negligent by failing to comply with the HAMP guidelines.  Massachusetts has long required that "a mortgagee in exercising a power of sale in a mortgage must act in good faith and must use reasonable diligence to protect the interests of the mortgagor." West Roxbury Co-Op Bank v. Bowser, 324 Mass. 489, 492 (1949).  Plaintiff claims that she was denied the fruits of her contract, that is, the mortgage, when she was

7

denied a loan modification under HAMP.  "HAMP urges banks and loan servicers to offer loan modifications to eligible borrowers with the goal of reducing [their] mortgage payments to sustainable levels, without discharging any of the underlying debt." Young v. Wells Fargo Bank, N.A., 2013 WL 2165262, at *1 (1st Cir. May 21, 2013) (internal quotations omitted).

Every Court of Appeals that has addressed the issue has concluded that HAMP does not provide an implied right of action under federal law. See Sinclair v. Citi Mortg., Inc., 2013 U.S. App. LEXIS 5187, *3 (3d Cir. 2013) ("[T]he HAMP does not provide a private right of action."); Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 559 n.4 (7th Cir. 2012) ("HAMP does not create a private federal right of action for borrowers against servicers"); Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1116 (11th Cir. 2012)("[I]t is clear that no implied right of action exists [under HAMP]"); Pennington v. HSBC Bank USA, N.A., 493 Fed. Appx. 548, 552-53 (5th Cir. 2012)("HAMP affords no private right of action"). However, the First and Seventh Circuits have upheld claims where the bank breached HAMP's Trial Period Plan ("TPP") contract with plaintiff. See Young, 2013 WL 2165262, at *8; Wigod, 673 F.3d at 585 ("[W]e have found that Wigod has alleged a breach of contract claim under the plain language of the TPP agreement.").  On the other hand, the Fourth Circuit rejected a broader breach of contract claim where the TPP was not

at issue.  See Spaulding v. Wells Fargo Bank, N.A., 2013 U.S. App. LEXIS 7866, *18-19 (4th Cir. 2013) (denying breach of contract claim where plaintiff alleged broadly that Wells Fargo "offered 'to process an application under HAMP. . . The application showed that the homeowners were eligible under HAMP . . . [and] Wells Fargo was required to issue a HAMP modification to the homeowners.'").

The Tenth and Eleventh Circuits have dismissed insufficient claims alleging that a bank has breached its duty of good faith and fair dealing.  See Toone v. Wells Fargo Bank, N.A., 2013 U.S. App. LEXIS 4778, *12-13 (10th Cir. 2013) (denying claim for breach of covenant of good faith and fair dealing because complaint broadly alleged that bank "made representations, warranties and promises" during the HAMP modification process but provided "no specifics about what warranties or promises were violated."); Miller v. Chase Home Fin., LLC, 677 F.3d 1113, 1117 (11th Cir. 2012)(denying claim for breach of good faith and fair dealing under plaintiff's original loan agreement because, under Georgia law, that duty "cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability.")(internal quotations omitted). Some courts in this district have upheld claims alleging that HAMP violations breach the duty of good faith and reasonable diligence.  See, e.g., Lee v. BAC Home Loans Servicing, LP, 2013

WL 212615, at *2 (D. Mass. Jan. 18, 2013) (upholding claim that lender breached the duty of good faith and fair dealing by "making intentionally inaccurate calculations and determinations of [plaintiff's] eligibility for HAMP, and failing to follow through on written and implied promises").

Regarding negligence claims, every Court of Appeals that has addressed the issue has denied HAMP-based negligence claims. See Spaulding v. Wells Fargo Bank, N.A., 2013 U.S. App. LEXIS 7866, *23-24 (4th Cir. 2013)(plaintiff's claim for negligence fails because "bank owed no duty to [plaintiff]"); Milton v. U.S. Bank Nat'l Ass'n, 2013 U.S. App. LEXIS 1336, *7 (5th Cir. 2013) ("Plaintiff's negligence and gross negligence claims fail because, under Texas law, there is 'no special relationship between a mortgagor and mortgagee' that would give rise to a stand-alone duty of good faith and fair dealing."); James v. Wells Fargo Bank, N.A., 2013 U.S. App. LEXIS 9108, *8-9 (5th Cir. 2013) ("[P]laintiffs' claim for negligent undertaking fails as a matter of law because plaintiffs allege no physical harm resulting from Wells Fargo's voluntary undertaking of services."); Wigod v. Wells Fargo Bank, N.A., 673 F.3d 547, 567 (7th Cir. 2012) (holding that under Illinois law, "[t]he economic loss doctrine forecloses Wigod's recovery on this negligence claim. . . .[T]his doctrine bars recovery in tort for purely economic losses arising out of a failure to perform contractual

obligations."). Negligence claims in this district have had mixed results. Compare Speleos v. BAC Home Loans Servicing, L.P., 755 F. Supp. 2d 304, 306, 311 (D. Mass. 2010)(upholding negligence claim where loan servicer scheduled a foreclosure sale despite the pendency of loan modification application in violation of the HAMP guidelines), with Lee, 2013 WL 212615, at *3 ("Lee's negligence claim fails because [Bank of America] owed Lee no common law tort-based duty of care.").

In this case, assuming without deciding whether there are viable negligence and breach of the duty of good faith and reasonable diligence claims, the Court concludes that plaintiff's claims are not plausible. The complaint only states that Defendant failed to "offer Plaintiff a [HAMP] loan modification that she is entitled to under the law and would be eligible for based on her income," and "postponed the foreclosure sale of Plaintiff's property several times to consider her for a loan modification, which it ultimately did not give her." Compl. ¶¶ 15, 37; see Figueroa v. Bank of America, N.A., 2012 WL 5921043, at *2 n.2 (D. Mass. Nov. 26, 2012) (dismissing claim because plaintiff "has not pleaded in her complaint facts showing any breach of [the HAMP] guidelines"). Moreover, the damages plaintiff seeks are the costs of defending against the foreclosure. Given the fact that the plaintiff gave up her rights to the home in the bankruptcy proceeding, she is estopped

from claiming these damages.

## IV. ORDER

Defendant's motion to dismiss (Doc. No. 12) is **ALLOWED**.

                                                  /s/ PATTI B. SARIS
                                                 PATTI B. SARIS
                                                 Chief U.S. District Judge